# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MOUHAMED NASIM
ASMI TOLOZA,
        **Petitioner,**

    **v.**                                   **Case No. 26-cv-584**

DALE J. SCHMIDT, et al.,
        **Defendants.**

_____

## <u>ORDER</u>

On April 7, 2026, I received a petition for a writ of habeas corpus under 28 U.S.C. § 2241 from Mouhamed Nasim Asmi Toloza. The petition indicates that he is being detained at the Dodge County Detention Facility in Juneau, Wisconsin, by U.S. Immigration and Customs Enforcement ("ICE"). He alleges that he is properly categorized under 8 U.S.C. § 1226(a), rather than § 1225(b)(2), so his continued detention without an individualized assessment that he poses a flight risk or a danger to the community violates the Immigration and Nationality Act, the Fifth Amendment's Due Process Clause, and the Fourth Amendment's Search and Seizure Clause.

Along with the petition, petitioner also filed a motion for a temporary restraining order to prevent his transfer to another detention facility during the pendency of the action. ECF No. 2 at 5. A plaintiff seeking a preliminary injunction must establish a likelihood of success on the merits, a likelihood of suffering irreparable harm in the absence of preliminary relief, that the balance of equities tips in the plaintiff's favor, and that an injunction is in the public interest. *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024).

In addition, Rule 65(b) provides that the court may issue an *ex parte* temporary restraining order only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Other than the harm inherent in being detained unlawfully, which every habeas petitioner contends, petitioner has made no specific showing of need for relief before the respondent can be heard. This denial is without prejudice to petitioner making the necessary showing for *ex parte* relief should such "an extraordinary and drastic remedy" be warranted. *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005).

Accordingly, **IT IS ORDERED** that petitioner's motion for a temporary restraining order (ECF No. 2) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

2