# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MOUHAMED NASIM
ASMI TOLOZA,
      **Petitioner,**

    **v.**                       **Case No. 26-cv-584**

DALE J. SCHMIDT, et al.,
      **Defendants.** [1]

_____

## ORDER TO SHOW CAUSE

On April 7, 2026, I received a petition for a writ of habeas corpus under 28 U.S.C. § 2241 from Mouhamed Nasim Asmi Toloza. The petition indicates that he is being detained at the Dodge County Detention Facility in Juneau, Wisconsin, by U.S. Immigration and Customs Enforcement ("ICE"). He alleges that he is properly categorized under 8 U.S.C. § 1226(a), rather than § 1225(b)(2), so his continued detention without an individualized assessment that he poses a flight risk or a danger to the community violates the Immigration and Nationality Act, the Fifth Amendment's Due Process Clause, and the Fourth Amendment's Search and Seizure Clause.

---

[1]The petition names a number of state and federal officers as respondents, but the proper respondent is petitioner's immediate custodian—here the warden or equivalent official of the Dodge County Detention Facility in Juneau, Wisconsin. *See Kholyavskiy v. Achim*, 443 F.3d. 946, 948–53 (7th Cir. 2006). The petition names the Dale J. Schmidt, who is the sheriff of Dodge County Detention Facility, and Chris Holland who is purportedly the Dodge County Detention Facility Jail Administrator. However, no Chris Holland appears to be employed by Dodge County Detention Facility. Instead, a Chris Holland is the Jail Administrator of the Dodge County Sheriff's Office located in *Mantorville, Minnesota*. *See* https://bookingreports.minnesotaofficialrecords.com/county/dodge. Therefore, I will dismiss him from the case. In addition, petitioner names Russell Hott as the Chicago Immigration and Customs Enforcement Field Office Director. However, Russell Hott no longer serves as the Chicago Field Office Director; Sam Olson does. Therefore, I will substitute Sam Olson for Russell Hott.

Section 2243 of Title 28 of the United States Code states as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Having reviewed the petition, I conclude that it does not plainly appear that the petitioner is not entitled to relief. Therefore, I will order the respondents to show cause why relief should not be granted.

Under § 2243, a response to an order to show cause is due within three days. However, pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, a court is authorized to apply the § 2254 rules to any habeas corpus petition, and under Rule 4 of those rules, a court has wide discretion in setting the deadline for filing a response to a petition. *See Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994). I conclude that ten days is a reasonable period of time for preparing a response to this order and will require the United States respondents to file a response within that time.

Accordingly, **IT IS ORDERED** that the Clerk of Court shall terminate respondents Chris Holland and Russell Hott and add Sam Olson as a respondent.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order along with the petition on the respondents.

**IT IS FURTHER ORDERED** that counsel for the United States answer and show cause why relief should not be granted within ten days of this order. Counsel should identify any material facts to distinguish this petition from the petition in *López de la Cruz v. Schmidt*, No. 25-cv-1562-LA (E.D. Wis. Nov. 19, 2025), or new legal authority, or indicate if none exists.

2

**IT IS FURTHER ORDERED** that petitioner's reply to respondents' answer, if any, is due five days after such answer is filed.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge