# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

MOUHAMED NASIM ASMI TOLOZA,
      Petitioner,

    v.                                **Case No. 26-cv-584**

DALE J. SCHMIDT, et al.,
      Respondents.

---

## DECISION AND ORDER

Mouhamed Nasim Asmi Toloza filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). On April 9, 2026, the United States was ordered to respond and show cause why the petition should not be granted. ECF No. 5. For the reasons that follow, the petition is granted.

## I. BACKGROUND

Petitioner is a Venezuelan and Colombian national who arrived in the U.S. on January 26, 2021 near Lukeville, Arizona. Pet. ¶ 27. He alleges he fled both countries after experiencing persecution arising from his political views and activities as a business owner. *Id.* Petitioner was detained upon entry and released on his own recognizance without receiving a formal credible fear interview. *Id.* ¶ 28. Petitioner moved to Sheboygan, Wisconsin and completed regular ICE check-ins in Milwaukee, Wisconsin. *Id.* ¶ 29. He then applied for Temporary Protected Status in May of 2021 and was approved in October 2023. *Id.*

On December 11, 2025, petitioner voluntarily appeared for a scheduled ICE check-in as required. *Id.* ¶ 31. He was then detained because he had an expedited removal

order based on the absence of a prior credible fear interview. *Id.* Upon detention, petitioner was confined at Dodge County Detention Facility in Juneau Wisconsin, where he remains now. *Id.* ¶ 1. Petitioner underwent a credible fear interview on January 15, 2026, initially resulting in a negative determination. *Id.* ¶ 33. However, after appealing the decision, an Immigration Judge vacated the negative determination. *Id.* He is scheduled for his individual hearing on April 27, 2026. *Id.* ¶ 34.

Petitioner has been in the United States for over five years now and resides with his wive, daughter, and step-daughter, who depend on him for financial support. *Id.* ¶ 36. Despite his cooperation with immigration officials, continued voluntary check-ins with ICE, and the fact that he has no criminal record, petitioner was never afforded a bond hearing. *Id.* ¶ 37.

## II. DISCUSSION

Petitioner argues that the government is unlawfully categorizing his detention as pursuant to 8 U.S.C. § 1225, which mandates detention pending immigration proceedings, rather than pursuant to 8 U.S.C. § 1226(a), which provides for individualized custody terminations and the possibility of release on bond. He further charges that this is not only a violation of the Immigration and Nationality Act, but also the Fourth Amendment's Search and Seizure Clause, and the Fifth Amendment's Due Process Clause. He argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is not an "applicant for admission" who is "seeking admission." *See* § 1225(b)(2)(A) (stating that any noncitizen "applicant for admission" who is "seeking admission" but is deemed inadmissible "shall be detained" for removal proceedings). To the contrary, he contends that his detention must be pursuant to 8 U.S.C. § 1226(a),

2

which allows for release on bond, because he was arrested far away from the border and many years after his entry into the country.

Respondents argue that petitioner is correctly classified as an "applicant for admission" under 8 U.S.C. § 1225(b)(2) because he is a noncitizen "present in the United States who has not been admitted." § 1225(a)(1). Moreover, because he "is not clearly and beyond a doubt entitled to be admitted," his detention pending removal proceedings is mandatory. § 1225(b)(2)(A).

I have previously held that mandatory detention under § 1225(b)(2)(A) applies only to noncitizens who are both "applicants for admission" and are apprehended while actively "seeking admission"—proximate in time and place to their most recent entry or attempted entry. *See López de la Cruz v. Schmidt*, Case No. 25-CV-1562-LA (E.D. Wis. Nov. 19, 2025). Respondents ask me to reconsider my stance, pointing to decisions by two other circuit courts of appeals that have reached the opposite conclusion: *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Herrera Avila v. Bondi*, No. 25-3248 (8th Cir. Mar. 25, 2026) (slip op.). However, my interpretation accords with the Seventh Circuit's decision in *Castañon-Nava v. U.S. Dep't of Homeland Sec.* which found that noncitizens detained far from the border are not subject to mandatory detention under § 1225(b)(2). 161 F.4th 1048, 1061–62 (7th Cir. 2025). Moreover, in their response, respondents have not identified any facts that distinguish this case from *López de la Cruz*. While the law in this area is decidedly unsettled, I am unpersuaded that I should stray from my past reasoning.

## III. CONCLUSION

**IT IS ORDERED** that the petition for a writ of habeas corpus is **GRANTED**. Petitioner must be afforded a bond hearing pursuant to 8 U.S.C. § 1226(a) within 10 days of this order. The Clerk will enter final judgment.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

4